IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES WILSON,

                                                            ORDER

              Plaintiff,

                                                            06-C-585-C

     v.

KEN GREETAN,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This case is set for trial on November 5, 2007. The dispute to be resolved is whether defendant Ken Greetan retaliated against plaintiff Charles Wilson in November 2005 by fabricating a conduct report because plaintiff had called Greetan "corrupt" and threatened to report alleged officer misconduct about Greetan to a higher ranking official. Now before the court are plaintiff's motions for appointment of counsel and for an order that prison officials allow plaintiff to use his release account funds to pay the cost of subpoenaing witnesses. Both of these motions will be denied. In addition, plaintiff has asked the court to issue subpoenas for his use in obtaining two unincarcerated witnesses at trial, defendant Greetan and a Deputy Warden Michael Baenen. This request will be granted.

       In support of his motion for appointment of counsel, plaintiff points out that he is

1

proceeding to trial on a claim that will likely boil down to the jury's determination whether he is more credible than defendant. In addition, he contends he wants legal assistance to prepare proposed voir dire questions and engage in the jury selection process. He notes that he has asked one lawyer to assist him and that the lawyer has not responded to his request.

In deciding whether to recruit a lawyer to assist a pro se litigant with his or her civil action, the court must find first that the litigant has made reasonable efforts to find a lawyer on his own and has been unsuccessful. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). This court considers that a litigant has made reasonable efforts if he submits proof that he contacted three different lawyers who declined to take his case. Plaintiff's efforts fall short of reasonable. He has asked only one lawyer to help him and he has not waited for the lawyer's reply. Even if plaintiff had made the required effort, however, I would deny his motion.

Plaintiff's claim is not unusually complex. It is a run-of-the-mill claim that a defendant acted in retaliation for plaintiff's exercise of a constitutional right. This kind of claim is notoriously easy to make and in every case difficult to prove. There is rarely direct evidence to support the claim. This means that the plaintiff must attempt to convince a jury primarily through his own testimony and possibly a smattering of circumstantial evidence that the defendant was motivated to take action against the plaintiff at least in part because of the plaintiff's protected conduct. Defendant's version of the facts is likely to be

2

contradictory, and the jury will have to decide who to believe. No doubt, a lawyer could do a better job than plaintiff of cross-examining the defendant in an attempt to shake his credibility. But, the test is not whether a good lawyer would do a better job than the pro se litigant. A lawyer is always presumed to be more capable at litigating a case than a lay person. Instead, the test is whether the case, factually and legally, exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. Pruitt v. Mote, ___ F.3d ___, 2007 WL 2850448 (7th Cir. Oct. 3, 2007).

All of plaintiff's submissions in this case have been coherent and articulate. Plaintiff has successfully defeated defendant's motion for summary judgment, at least in part (plaintiff's identical claim against the hearing officer who found plaintiff guilty of charges in a conduct report written by Greetan was dismissed). In addition, plaintiff has successfully gained access to discovery materials, including redacted personnel records pertaining to defendant Greetan. He has been provided instructions relating to the conduct of trial and is presently taking steps to prepare for trial. He offers no reason why he cannot formulate coherent voir dire questions beyond the court's standard questions if he believes them to be necessary, or exercise peremptory strikes against the panel of jurors called forward at trial, and I am aware of none.

Although I appreciate the challenge plaintiff faces in convincing a jury that his version of the facts is more believable than defendant's version, the fact that the case will

3

likely turn on the jury's determination of credibility is not a sufficient ground by itself to require appointment of counsel. Every retaliation case presents this same challenge. If this obstacle alone were enough to require appointed counsel, then counsel would be mandated in such cases under the law. They are not. In Pruitt, the court of appeals emphasized that there are no "categorical rules regarding recruitment of counsel in particular types of cases." A judge has unfettered discretion to deny counsel if, in the opinion of the judge, the plaintiff has demonstrated that he is capable of litigating his case on his own.

Having examined carefully the complexity of this case against plaintiff's demonstrated ability to litigate his claim, I conclude that plaintiff's motion for appointment of counsel should be denied.

Plaintiff's next motion is for an order from this court directing prison officials to allow him to use his release account funds to pay the cost of subpoenaing the defendant and another unincarcerated witness, Deputy Warden Michael Baenen, to testify at trial. However, the use of release account funds is governed by state law. See Wis. Admin. Code § 309.466. According to § 309.466(2), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." And, although it is true that in rare instances, the supremacy clause of the United States Constitution requires state law to give way to a competing federal law, there is no federal law that would require state

officials to give prisoners money from their release account so that they can pay the costs of subpoenaing witnesses to trial. Therefore, this court has no authority to direct prison officials to allow plaintiff access to his release account funds at this time.

In separate documents, plaintiff has asked the court to issue two blank subpoena forms for his use in obtaining defendant's attendance at trial and the attendance of a Deputy Warden Michael Baenen. This court's "Procedures for Calling Witnesses to Trial," a copy of which was sent to plaintiff with a copy of this court's September 11, 2007 trial preparation order, states that before the court will grant a request for a subpoena form for an unincarcerated witness, the party must satisfy the court that

- the witness refuses to testify voluntarily;
- the party has arranged for a person at least 18 years of age who is not a party to the action to serve the subpoena on the witness; or
- the party is proceeding in forma pauperis, has been unable to arrange for service of the subpoena by a person at least 18 years of age who is not a party to the action and needs assistance from the United States Marshal or a person appointed by the court; and
- the party is prepared to tender to the marshal or other individual serving the subpoena a check or money order made payable to the witness in an amount necessary to cover the daily witness fee and the witness's mileage, as well as costs for

5

room and meals if the witness's appearance at trial will require an overnight stay. With respect to defendant Greetan, plaintiff states that he has asked defendant's lawyer twice whether defendant would be willing to testify without being subpoenaed and that defendant's lawyer has not responded to his inquiries. In addition, he states that he does not know defendant's present whereabouts and that he has been told that he is not permitted to obtain staff addresses. For these reasons, plaintiff states that he believes he needs the assistance of the United States Marshal to locate and serve Greetan with the subpoena.

With respect to plaintiff's proposed witness Deputy Warden Michael Baenen, plaintiff states that Baenen works at the Green Bay Correctional Institution and has advised plaintiff that he will not testify without a subpoena. Plaintiff states also that he has asked the Brown County Sheriff's Department to serve the subpoena and is prepared to tender to the Sheriff's Department a check made payable to Baenen to cover the daily witness fee of $40 and Baenen's mileage at the rate of $.48.5 a mile, as well as the cost of room and meals (which is presently $138), if his appearance requires an over night stay.

Time is of the essence. Trial is less than three weeks away. The Marshal needs at least two weeks notice in advance of trial to serve a trial subpoena. Yet, it is not clear whether defendant will or will not testify voluntarily. Equally unclear is the question whether plaintiff will be able to tender the necessary witness fees with his subpoenas, in light

6

of the fact that I am denying his request to use release account funds for this purpose. (The matter of defendant's address is not a problem. It is listed on defendant's witness list as the Green Bay Correctional Institution in Green Bay, Wisconsin.)

In the interest of expediency, I am enclosing two blank subpoena forms to plaintiff with this order. In addition, I am directing defense counsel to respond no later than 4:00 p.m. on Thursday, October 18, 2007, to plaintiff's inquiry about Greetan's willingness to testify voluntarily, and to supply the court with a copy of his response. If counsel advises plaintiff and the court that Greetan will not appear at trial as a voluntary witness, then plaintiff is to complete the subpoena forms for his witnesses and send them promptly, with the required witness fees and mileage costs, to the Brown County Sheriff's Department in the case of witness Baenen, and to the United States Marshal in the case of defendant Greetan. A copy of this order is being sent to the United States Marshal so that he is aware that plaintiff may be sending him a trial subpoena for service on Greetan and that this court has authorized the subpoena to be served under 28 U.S.C. § 1915(d) so long as it is accompanied by the necessary witness fees.

## ORDER

IT IS ORDERED that

1. Plaintiff's motion for appointment of counsel is DENIED;

7

2. Plaintiff's motion for an order directing prison officials to allow him access to his release account so that he can pay subpoena witness fees is DENIED.

3. Defendant may have until 4:00 p.m. on Thursday, October 18, 2007, in which to notify plaintiff and the court whether defendant will testify voluntarily for plaintiff at trial or whether he will require a subpoena.

4. The clerk of court is directed to issue forthwith to plaintiff two blank subpoena forms for plaintiff's use in the event plaintiff needs them and can pay the necessary witness fees.

5. Through a copy of this order to the United States Marshal, I am requesting that he serve plaintiff's subpoena on defendant Greetan, if plaintiff submits the completed subpoena form to the Marshal in sufficient time to allow service to occur and so long as the subpoena is accompanied by the requisite witness fees.

Entered this 16th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge